United States Bankruptcy Court
for the District of Oregon

Frank R. Alley, III, Judge
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

February 17, 2009

Mr. Keith Hayes
PO Box 982
Salem, OR 97308

Mr. Ronald Sticka
PO Box 10990
Eugene, OR 97440

RE:   Case No. 08-63811-fra7    LYNN R. MINTON

Dear Counsel:

The Trustee has objected to the Debtor's claim that payments to her reducing a child support judgment are exempt. I find that the payments are exempt under Oregon law and overrule the Trustee's objection.

## BACKGROUND

The Debtor's petition for relief was filed on September 30, 2008. She scheduled as an asset $30,000 in child support owed to her by her former husband. In an Amended Schedule C, the entire $30,000 is claimed exempt.

The Debtor was married in 1979 and divorced in 1992. The dissolution court ordered that support be paid to her for the care and maintenance of the parties' two children.

The ex-husband has not complied with his duties, and by the time the Debtor's petition was filed she was owed "between $29,000 and $30,000 in unpaid support." Both children are now adults. The Debtor is receiving monthly payments of $406 on the account of the support arrearage collected by the State of Florida, where the ex-husband lives, and forwarded to the Debtor by the Support Division of the State of Oregon's Department of Justice. While no turnover order has been sought, it is implicit in the Trustee's objection that he seeks to recover this cash flow for the benefit of creditors.

As noted, the Debtor's two children, a son and daughter, are adults. Life has been difficult for the son, and because of his difficulties, for the Debtor as well. He was diagnosed

early in life as having severe Attention Deficit Hyperactivity Disorder ("ADHD") and bi-polar disorder. He has, as the Debtor puts it, "no conception of time," and is unable to hold a steady job. At age 20, he has already had several experiences of alcohol and drug abuse and violent behavior. He is presently on probation.

In order to keep the son afloat financially and socially, the Debtor has been required to make substantial contributions to his maintenance, including a $100 per month cash allowance, and advances for rent and other necessities. The financial situation is complicated by the fact that she lives in Marion County, Oregon, while the terms of the son's probation require that he not reside outside of Lane County, Oregon, 40 or more miles away.

## DISCUSSION

The Debtor claims that the child support arrearage is exempt under ORS 18.345(1)(i), which exempts "spousal support, child support, or separate maintenance to the extent reasonably necessary for the support of the debtor and any dependant of the debtor."

The statute appears at first blush to be self-contradictory. Child support in Oregon is awarded according to a complex statutory formula. See ORS 25.270 et. seq. An award made pursuant to the formula is presumed to be accurate and reasonable. ORS 25.280. Since the legislature in the exemption statute requires an assessment of reasonable necessity, it is clear that the Court must consider the circumstances at the time the creditor (or, as here, the Trustee in bankruptcy) seeks access to the funds, as opposed to the time the support is awarded.

The inquiry now before the Court is two-fold: first, is the son a "dependant of the debtor" for the purposes of ORS 18.345, and second, is the sum of $406 per month presently being collected reasonably necessary for the dependant's support?

Oregon law provides that "parents are bound to maintain their children who are poor and unable to work to maintain themselves." ORS 109.010. The statute encompasses adult as well as minor children. Haxton v. Haxton, 299 Or. 616, 705 P.2d 721 (1985). The Oregon Supreme Court has held that this obligation exists independently of the child support statutes, and may be enforced by a direct action by a mentally handicapped adult child against his parents. Given this statutory obligation, the Court finds that any adult child unable to maintain himself or herself is a dependant of his or her parents for purposes of ORS 18.345, so long as the child is in fact so supported by his or her parents.

The testimony provided at the hearing supports a finding that the entire $406 per month is reasonably necessary for the son's support. As noted, the Debtor deposits $100 per month into his bank account, and must provide for his rent. She testified that she presently spends between $400-$500 per month for the son's support.

The Trustee argues that since there were two children, only half of the support arrearage (and, by implication, half of the monthly payment) can be claimed as exempt. As the decree of dissolution was not made part of the record, the Court cannot ascertain what the original monthly

support obligation was, or whether it was awarded on a per child, or a lump sum basis. Given the circumstances of this case, equity compels the Court to conclude that, since the son's needs exceed the size of the payments being received, the entire payment should be attributed to his needs. See In re Earnest, 42 B.R. 395, 397 (Bankr. D.Or. 1984)(citing In re Stewart, No. 383-03855 (Bankr. D.Or. 2/16/84)(Exemption statute is remedial in character and is to be liberally construed in favor of the debtor)).

## CONCLUSION

The $406 per month payable to the Debtor through the Department of Justice constitutes child support for purposes of the Oregon exemption statutes. The Debtor's adult son is her dependant for the purposes of ORS Chapter 18, and the child support payments she is receiving are reasonably necessary for his support. The Trustee's objection to the claimed exemption should be denied, and an order to that effect will be entered contemporaneously herewith.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge

FRA:bd